# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| OMAR ALI HERVERT, #21578-075, § <br> Movant, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § | | CIVIL NO. 3:16-CV-1880-D-BK <br> (Criminal No. 3:12-CR-329-D-4) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, it is recommended that the motion be summarily **DISMISSED** as meritless.

## I. BACKGROUND

Movant pled guilty to: (1) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(D); (2) unlawful possession of a firearm, in violation of 18 U.S.C. §§ 924(g)(5) & (a)(2); and (3) possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), & 5871. *See* Crim. Doc. 164. The Court sentenced him to 54 months in prison with two years of supervised release. *See* Crim. Doc. 164.

After an unsuccessful direct appeal, *see United States v. Hervert*, 604 F. App'x 367 (5th Cir. 2015), Movant filed this 28 U.S.C. § 2255 motion. *See* Doc. 1. He argues that his sentence was enhanced based on a conviction under 18 U.S.C. § 924(c), which he claims must be overturned in the wake of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015). *See* Doc. 1 at 2-3 (arguing that the definition of crime of violence in 18 U.S.C. § 924(c) is unconstitutional after *Johnson*).

## II. ANALYSIS

Movant's claim lacks merit for at least two reasons. First, he was not convicted of using or carrying a firearm during a crime of violence under 18 U.S.C. § 924(c). And, contrary to his argument, his sentence was not enhanced on that basis. So, even if he could successfully challenge Section 924(c)'s definition of the phrase "crime of violence," he would not be entitled to relief. Second, 18 U.S.C. § 924(c)'s definition of "crime of violence" is not unconstitutionally vague after *Johnson*. See *United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017) ("the definition of 'crime of violence' under § 924(c)(3)(B) is not unconstitutionally vague"). Thus Movant's only claim for relief is without merit.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**.[1]

**SIGNED** November 3, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. C IV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE